TATE, Judge.
The plaintiff, widow of the late Pizarro Willis and administratrix of his estate, appeals from judgment sustaining an opposition to the plaintiff’s application to sell the decedent’s property at private sale. The judgment also rejected the widow’s claim for recognition of her privilege on the assets of the estate (being mostly separate property of the decedent), as a widow in necessitous circumstances — that is, the “widow’s homestead” provided by Civil Code Article 3252.
The principal issues of the appeal are: (1) The widow-administratrix’ contention that the opponents-appellees are without right or cause of action to oppose the private sale; and (2) The opponents’ contentions, sustained by the trial court, that the widow had insufficiently proven her right to the widow’s homestead and that, at any rate, her right to assert it had prescribed when first sought by these proceedings filed some twenty years after the decedent’s death.
(1)
LSA-CCP Art. 3283 provides that oppositions to a private sale may be filed only by “an heir, legatee, or creditor.”
The property sought to be sold forms part of the decedent’s separate estate. Since there were no descendants nor valid testament, this was inherited by his collateral heirs. Civil Code Article 911.
The uncontradicted testimony shows that one opponent (Minnie Pepper) was a collateral heir and that the other opponent (R. W. J. Pepper) had purchased the interest of certain other collateral heirs of the decedent. Under the terms of Article 3283, above-quoted in part, these parties have standing as heirs to oppose the private sale of the decedent’s property.
The trial court therefore properly overruled the widow-administratrix’ exception questioning the right of the opponents-ap-pellees to oppose the private sale.
(2)
The widow-appellant seeks recognition of the widow’s homestead privilege provided by Civil Code Article 3252. This enactment in essence provides that a widow in necessitous circumstances may receive up to the amount of one thousand dollars from her husband’s estate, if she does not own property to that amount.[1] See Comment, 18 Tul.L.Rev. 290 (1943).
In the present instance, the widow admitted under cross-examination that there were community assets at the time of the decedent’s death in excess of one thousand dollars, and that she had retained possession of this community property following her husband’s death. In the absence of descendant, ascendant, or testament, the widow inherited her spouse’s share of the community property. Civil Code Article 915.
Thus, by virtue of her ownership of the entire community assets, thé widow owned property valued in excess of one thousand dollars. She was therefore not entitled to the widow’s homestead privilege sought by her.
Despite the argument by her counsel that the widow-appellant’s testimony as to values was not reliable, we cannot say that the trial court erred in accepting this uncon- *524 tradicted testimony as showing assets owned by the widow in excess of the statutory amount to qualify for the privilege.
We therefore affirm the judgment rejecting the widow-appellant’s claim for recognition of her widow’s homestead privilege. (Having found she is not entitled to it on the merits, we find it unnecessary to decide whether her claim for it had prescribed.)

Decree

For the reasons above assigned, we affirm the judgment of the District Court, at the cost of the appellant widow-adminis-tratrix.
Affirmed.

. Civil Code Article 3252 pertinently provides : “ * * * Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own rights property to the amount of One Thousand Dollars, the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of the deceased husband or father, a sum which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars. * * * ”